Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.

NOVEMBER 19, 2009

BRUCE RIFKIN, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DONALD ALAN PEPIN and
MICHAEL RALPH WORLEY,

    Defendants.

NO. CR09 0400 RSL

INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT 1

(Conspiracy to Commit Wire Fraud and
Engage in Interstate Transportation of Stolen Property)

**A.  The Offense**

1. Beginning at a date uncertain, but continuing through on or about January 22, 2009, within the Western District of Washington and elsewhere, DONALD ALAN PEPIN, MICHAEL RALPH WORLEY and others known and unknown to the grand jury, did knowingly and willfully conspire, combine, confederate and agree to commit offenses against the United States, to wit:

    a. To devise and execute, and aid and abet, a scheme and artifice to defraud a hospital and others, and to obtain money and property from customers who purchased insulin from DONALD ALAN PEPIN, dba First Medical Resources, Inc., by means of false and fraudulent pretenses, representations, and promises as described below, and for the purpose of executing and attempting to execute this scheme and artifice to

Indictment - Page 1
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

defraud, to knowingly transmit, and cause to be transmitted, in interstate commerce by means of a wire communication, certain signs, signals, and sounds in violation of Title 18, United States Code, Sections 1343 and 2.

      b.    To transport and cause to be transported in interstate commerce from outside the State of Washington, to the State of Florida, goods, wares and merchandise, that is insulin medicine and diabetes test strips, of a value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 2314 and 2.

      c.    To knowingly and willfully receive, possess, conceal, store, barter, sell and dispose of certain goods, wares and merchandise, that is, insulin medicine and diabetes test strips of a value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 2315 and 2.

**B.    General Allegations**

At all times material to this Indictment:

    2.    Millions of people in the United States suffer from diabetes, a disease caused by the body's inability to maintain healthy levels of sugar within the blood stream.

    3.    Diabetics use the drug insulin to medically adjust and maintain their blood sugar levels. To do so, diabetics rely on diabetic test strips (also referred to as glucose test strips) to determine their blood sugar level(s).

    4.    The United States Food and Drug Administration ("FDA") regulate diabetic test strips as medical devices and human insulin as drug products.

    5.    Many brands of human insulin are prescription drugs that can only be lawfully dispensed by or upon the order of a licensed medical practitioner.

    6.    Diabetics daily rely upon diabetic test strips and insulin to control their blood sugar levels. Failure to do so can result in serious illness, even death.

    7.    Some brands of human insulin must be refrigerated for it to be safe and effective at controlling blood sugar levels. When insulin is stolen, how that insulin is packed, shipped or held is unknown. Therefore, the safety and efficacy of this stolen

Indictment - Page 2
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

insulin cannot be guaranteed and its use may have posed a risk to the safety of diabetics who used the products.

    8. DONALD ALAN PEPIN owned and operated First Medical Resources, Inc., a Florida corporation, with offices located at 810 Saturn Street, Unit 21, Jupiter, Florida.

    9. First Medical Resources, Inc. was engaged in, among other things, the acquisition and distribution of human insulin and diabetic test strips for further sale.

    10. Much of the human insulin that DONALD PEPIN and First Medical Resources, Inc. was buying and selling was limited to use by prescription only, by approval granted by the FDA. Under Florida state law, anyone involved in the wholesale distribution of prescription drugs must be licensed by the State of Florida. Neither DONALD PEPIN nor First Medical Resources, Inc. was a licensed drug wholesaler within the State of Florida.

    11. The Federal Food, Drug and Cosmetic Act requires that anyone engaged in the wholesale distribution of prescription drugs be licensed by every state from which they distribute such drugs, 21 U.S.C. 353(e)(2)(A). Failure to do so results in a violation of federal law, 21 U.S.C. 331(t), 333(b)(1)(D).

    12. DONALD PEPIN, dba First Medical Resources, Inc., failed to inform his customers of the true origin of the insulin he sold to them. DONALD PEPIN failed to inform one of his largest customers that the insulin was stolen. It is unknown whether DONALD PEPIN advised his customers of the manner in which the insulin was packed or held, or whether the insulin had been properly refrigerated. These material omissions would likely have affected the customer(s) decision to purchase these products.

    13. MICHAEL RALPH WORLEY was employed as a Pharmacy Technician at the Providence Medical Center Pacific Campus Pharmacy located in Everett, Washington.

    14. As a Pharmacy Technician at the Providence Medical Center Pacific Campus Pharmacy, MICHAEL WORLEY procured drug supplies, including insulin.

    15. MICHAEL WORLEY was not licensed as a prescription drug wholesaler by the State of Washington.

Indictment - Page 3
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

C.  **The Object of the Conspiracy**

16.  The object of the conspiracy was to steal human insulin and diabetic test strips from a medical facility located in Everett, Washington as well as from other hospitals and companies throughout the country.

17.  The stolen items were shipped in interstate commerce to DONALD PEPIN who then sold the stolen items to customers based on false representations and/or material omissions.

D.  **Manner and Means of the Conspiracy**

18.  It was part of the conspiracy that MICHAEL WORLEY would steal human insulin and diabetic test strips from his employer, Providence Medical Center. Initially, WORLEY sold the stolen insulin on Ebay, an Internet auction site. These sales were offered to the general public.

19.  It was further part of the conspiracy that DONALD PEPIN contacted MICHAEL WORLEY and others via e-mail and encouraged MICHAEL WORLEY and others to sell the stolen insulin directly to DONALD PEPIN as opposed to advertising the goods for sale on Ebay.

20.  It was further part of the conspiracy that DONALD PEPIN e-mailed MICHAEL WORLEY and others lists of insulin products and test strips that DONALD PEPIN wished to purchase. This list included various types or brands of human insulin and diabetic test strips and the prices that DONALD PEPIN was willing to pay for them. The prices for insulin and diabetic test strips that DONALD PEPIN offered MICHAEL WORLEY and other suppliers was a fraction of the wholesale prices for these items.

21.  It was further part of the conspiracy that MICHAEL WORLEY and others would steal the requested types of insulin and test strips from their places of employment. Some of the products shipped to DONALD PEPIN were not refrigerated. The cost to Providence Hospital for the insulin that MICHAEL WORLEY stole was $366,054.00. The retail value of this same insulin was $1,214,057.00.

Indictment - Page 4
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

22. It was further part of the conspiracy that MICHAEL WORLEY and others, upon stealing insulin and test strips, would send e-mails to DONALD PEPIN advising of the specific products available for shipment.

23. It was further part of the conspiracy that DONALD PEPIN would pay for the stolen property by electronically depositing funds into the PayPal accounts of MICHAEL WORLEY and others.

24. It was further part of the conspiracy that MICHAEL WORLEY and others, after stealing the insulin and test strips, would then ship the stolen goods via either the United States Postal Service or various commercial carriers, from Washington state to DONALD PEPIN, dba First Medical Resources, Inc., in Florida state.

25. It was further part of the conspiracy that upon receiving these stolen diabetic test strips and insulin products, that DONALD PEPIN improperly stored the items at the offices of First Medical Resources, Inc. because he failed to refrigerate the insulin, as necessary.

26. It was further part of the conspiracy that DONALD PEPIN, dba First Medical Resources, Inc. re-sold the insulin and diabetic test strips at wholesale prices to a drug distribution company and to other individuals and/or business entities. DONALD PEPIN failed to inform his customers that the items were stolen and improperly held for resale.

E.   **Overt Acts**

27. In furtherance of the conspiracy, and to accomplish one or more of its objects, in the Western District of Washington, and elsewhere, DONALD PEPIN, dba First Medical Resources, Inc., and MICHAEL WORLEY, and others known and unknown to the grand jury, performed the following overt acts, among others:

28. On or about June 9, 2005, DONALD PEPIN caused an electronic transfer in the amount of $2,912.00 to be transmitted from Florida state to MICHAEL WORLEY's personal PayPal account in the Western District of Washington as payment for stolen insulin.

Indictment - Page 5
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

29. On or about April 6, 2006, DONALD PEPIN caused an electronic transfer in the amount of $2,063.00 to be transmitted from Florida state to MICHAEL WORLEY's personal PayPal account in the Western District of Washington as payment for stolen insulin.

30. On or about July 21, 2007, DONALD PEPIN caused an electronic transfer in the amount of $2,597.00 to be transmitted from Florida state to MICHAEL WORLEY's personal PayPal account in the Western District of Washington as payment for stolen insulin.

31. On or about March 20, 2008, DONALD PEPIN caused an electronic transfer in the amount of $1,885.00 to be transmitted from Florida state to MICHAEL WORLEY's personal PayPal account in the Western District of Washington as payment for stolen insulin.

32. On or about July 5, 2007, DONALD PEPIN, from the State of Florida, sent an e-mail to MICHAEL WORLEY in the Western District of Washington regarding the shipment of stolen insulin.

33. On or about March 29, 2007, DONALD PEPIN, from the State of Florida, sent an e-mail to MICHAEL WORLEY in the Western District of Washington regarding the price of a stolen shipment of insulin.

34. On or about October 10, 2007, MICHAEL WORLEY, using U.S. Priority Mail, shipped from Camano Island, Washington, to DONALD PEPIN in Jupiter, Florida, boxes containing insulin drugs that were stolen from the Providence Medical Center located in Everett, Washington.

35. On or about December 11, 2006, MICHAEL WORLEY, using U.S. Priority Mail, shipped from Camano Island, Washington, to DONALD PEPIN in Jupiter, Florida, boxes containing insulin drugs that were stolen from the Providence Medical Center located in Everett, Washington.

36. On or about September 22, 2005, MICHAEL WORLEY, using U.S. Priority Mail, shipped from Camano Island, Washington, to DONALD PEPIN in Jupiter, Florida,

Indictment - Page 6
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

boxes containing insulin drugs and diabetic test strips that were stolen from the Providence Medical Center located in Everett, Washington.

37. On or about November 18, 2004, MICHAEL WORLEY, using U.S. Priority Mail, shipped from Camano Island, Washington, to DONALD PEPIN in Jupiter, Florida, boxes containing insulin drugs and diabetic test strips that were stolen from the Providence Medical Center located in Everett, Washington.

All in violation of Title 18 United States Code, Section 371.

The defendants did, and caused to be done the acts set forth in Counts 2 through 11 of this Indictment, all of which are incorporated by reference and alleged as separate overt acts as if set forth in full herein.

## COUNTS 2 THROUGH 7

### (Wire Fraud)

1. The Grand Jury realleges and incorporates as if fully set forth herein paragraphs 1 through 36 of this Indictment as constituting the scheme to defraud.

2. On or about the dates listed below, within the Western District of Washington, and elsewhere, for purposes of executing and attempting to execute this scheme and artifice to defraud, DONALD ALAN PEPIN and MICHAEL RALPH WORLEY did knowingly transmit by means of wire communication, certain signs, signals and sounds, that is, computer entries that, in turn, caused to be transmitted, in interstate commerce by means of wire communication:

(a) the issuance of payment, which were then wire transferred to accounts at financial institutions directed and under the control of DONALD PEPIN;

(b) the communication of which is further described below.

| COUNT | APPROXIMATE DATE OF WIRE | ITEM WIRED |
|---|---|---|
| 2 | June 9, 2005 | $2,912 wire transfer via PayPal from DONALD PEPIN in Florida to MICHAEL WORLEY in Everett, Washington, as payment for stolen property. |
| 3 | April 6, 2006 | $2,063 wire transfer via PayPal from DONALD PEPIN in Florida to MICHAEL WORLEY in Everett, Washington, as payment for stolen property. |

Indictment - Page 7
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

| 4 | March 29, 2007 | DONALD PEPIN, from the State of Florida, sent an e-mail to MICHAEL WORLEY in the Western District of Washington regarding the price of a stolen shipment of insulin. |
|---|---|---|
| 5 | July 21, 2007 | $2,597 wire transfer via PayPal from DONALD PEPIN in Florida to MICHAEL WORLEY in Everett, Washington, as payment for stolen property. |
| 6 | July 5, 2007 | DONALD PEPIN, from the State of Florida, sent an e-mail to MICHAEL WORLEY in the Western District of Washington regarding the shipment of stolen insulin. |
| 7 | March 20, 2008 | $1,885 wire transfer via PayPal from DONALD PEPIN in Florida to MICHAEL WORLEY in Everett, Washington, as payment for stolen property. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 8

**(Interstate Transportation of Stolen Goods)**

From on or about September 1, 2007, to September 30, 2007, in the Western District of Washington, and elsewhere, MICHAEL RALPH WORLEY did knowingly and willfully transport and cause to be transported in interstate commerce from the State of Washington to the State of Florida, stolen goods, wares and merchandise, that is, insulin products and diabetes test strips, of a value of $5,000 or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314, and United States Code, Section 2.

## COUNT 9

**(Interstate Transportation of Stolen Goods)**

From on or about November 1, 2008, to November 30, 2008, in the Western District of Washington, and elsewhere, MICHAEL RALPH WORLEY did knowingly and willfully transport and cause to be transported in interstate commerce from the State of Washington to the State of Florida, stolen goods, wares and merchandise, that is, insulin products and diabetes test strips, of a value of $5,000 or more, knowing the same to have been stolen.

Indictment - Page 8
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

All in violation of Title 18, United States Code, Sections 2314, and United States Code, Section 2.

## COUNT 10

### (Receipt of Stolen Goods)

From on or about September 1, 2007, to September 30, 2007, in the Western District of Washington, and elsewhere, DONALD ALAN PEPIN did knowingly and willfully receive, conceal, store, barter, sell and dispose of certain goods, wares and merchandise, that is, insulin products and diabetes test strips, of a value of $5,000 or more, that had traveled from the State of Washington to the State of Florida, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2315, and United States Code, Section 2.

## COUNT 11

### (Receipt of Stolen Goods)

From on or about November 1, 2008, to November 30, 2008, in the Western District of Washington, and elsewhere, DONALD ALAN PEPIN did knowingly and willfully receive, conceal, store, barter, sell and dispose of certain goods, wares and merchandise, that is, insulin products and diabetes test strips, of a value of $5,000 or more, that had traveled from the State of Washington to the State of Florida, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2315, and United States Code, Section 2.

## CRIMINAL FORFEITURE ALLEGATIONS

Upon conviction of one or more of the offenses alleged in Counts 1-11 of this indictment, DONALD ALAN PEPIN and MICHAEL RALPH WORLEY, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but

Indictment - Page 9
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

not limited to the following:

A sum of money equal to $1,214,057 in United States currency, representing the amount of proceeds obtained as a result of the Wire Fraud, Interstate Transportation of Stolen Property, Receipt of Stolen Goods as alleged in Counts 1-11.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value;
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21 United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

The forfeiture allegations outlined, supra, are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B).

Pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 21, United States Code, Section 853(p), if convicted of one or more of the offenses charged in Counts 1-11, the Court shall order that the defendant(s) shall forfeit to the United States the following:

a. All property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly as a result of the violations of such offense(s), or conspiracy to commit such offense(s), and

b. A sum of money equal to the total amount of money obtained as a result of each such offenses or conspiracy to commit such offense for which the

Indictment - Page 10
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 defendant(s) is convicted.

2        c.      Pursuant to Title 21, United States Code, Section 853(p), as
3 incorporated by Title 18, United States Code, Section 982(b), defendant(s) shall forfeit
4 substitute property, up to the value of the amount described above, if by any act or
5 omission of the defendant, the property described above, if by any act of omission of the
6 defendant, the property described above, or any portion thereof, cannot be located upon
7 the exercise of due diligence, has been transferred, sold to, or deposited with a third party,
8 has been placed beyond the jurisdiction of the court, has been substantially diminished in
9 value, or has been commingled with other property that cannot be divided without
10 difficulty.

A TRUE BILL:

DATED:  11/19/2009

**Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.**

FOREPERSON

_____
JENNY A. DURKAN
UNITED STATES ATTORNEY

_____
DOUGLAS B. WHALLEY
ASSISTANT UNITED STATES ATTORNEY

_____
PATRICIA C. LALLY
ASSISTANT UNITED STATES ATTORNEY

Indictment - Page 11
Donald Alan Pepin, et al

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970